```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-20229-CIV-HIGHSMITH
                              MAGISTRATE JUDGE P.A. WHITE

JOSE ENRIQUE HERNANDEZ,       :

     Plaintiff,               :

v.                            :       REPORT OF
                                      MAGISTRATE JUDGE
                              :
JACKSON MEMORIAL HOSP., ET AL.,
                              :
     Defendants.
_____
```

## I. Introduction

The plaintiff Jose Enrique Hernandez, currently incarcerated at the Jackson Correctional Institution, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief based on allegations of constitutional violations that occurred at the Jackson Memorial Hospital in Miami following his hospitalization in December, 2001. [DE# 1].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>     \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or

>any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>\* \* \*
>
>(B) the action or appeal –
>
>\* \* \*
>
>(i) is frivolous or malicious;
>
>(ii) fails to state a claim on which relief may be granted; or
>
>(iii) seeks monetary relief from a defendant who is immune from such relief.

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or <u>Fed.R.Civ.P.</u> 12(b)(6) or (c).  <u>See</u> <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in <u>Fed.R.Civ.P.</u> 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities

under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998). An action is considered "frivolous" if it is "without arguable merit either in law or fact." <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, the federal rules do require "a short and plain statement" of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Fed.R.Civ.P. 8(a); <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d 678, 683 (11 Cir. 2001), <u>cert. denied</u>, 534 U.S. 1129 (2002). While notice pleading does not require the complainant to allege a fact to cover every element of a claim, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." <u>Id.</u> (quotations and citations omitted). "<u>Pro se</u> pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11 Cir. 1998).

The plaintiff alleges that he was taken to Jackson Memorial Hospital following an automobile accident on December 19, 2001. He states that he remained in a coma for 70 days. When he regained consciousness, in early 2002, he discovered that he had a scar on

3

his right hand as a result of medical personnel's failure to alternate the placement of an IV needle. He claims that he now has limited use of his hand which will hinder him from doing any construction work. He seeks to sue unidentified medical personnel at Jackson Memorial Hospital on the ground that they were negligent for failing to alternate his IV.

A screening of this complaint reveals that it should be dismissed because the plaintiff filed the action beyond the applicable statute of limitations and, nevertheless, negligence may not form the basis of a §1983 action.[1] A district court may <u>sua sponte</u> dismiss a <u>pro se</u> civil rights action for failure to state a claim pursuant to 28 U.S.C.A. § 1915(e) on grounds that the face of the complaint clearly establishes that it is barred by the applicable statute of limitations. See <u>Pino v. Ryan</u>, 49 F.3d 51 (2 Cir. 1995). The plaintiff had four years from approximately March, 2002, when the plaintiff discovered his injury, to file a civil action, and missed the deadline by filing his complaint with the Clerk of Court on January 30, 2007.[2]

---

[1] The Court will presume that the defendants are state actors for the purpose of this analysis.

[2] Although the complaint was actually filed on January 30, 2007, the plaintiff signed the complaint on November 16, 2006, and it is deemed filed on this earlier date, presumably the date the plaintiff handed the document to prison officials for mailing to the Court. Unlike "free world" litigants, the date an incarcerated individual "files" a complaint is the date it is delivered to prison authorities for mailing. <u>Garvey v. Vaughn</u>, 993 F.2d 776 (11 Cir. 1993). The <u>Garvey</u> Court held that the so-called "mailbox rule" announced in <u>Houston v. Lack</u>, 487 U.S. 266 (1988) applies not only to notices of appeal, but to complaints in 42 U.S.C. §1983 actions, in Federal Tort Claims Act cases, and in <u>Bivens</u> actions. <u>Id.</u>

4

In <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985), the Supreme Court held that the length of the limitations period in actions pursuant to 42 U.S.C. §1983, and the closely related questions of tolling and applications, are to be governed by state law.  The Court further held that these cases are best characterized as personal injury actions.  Such claims in Florida are governed by <u>Fla.Stat.</u> §95.11(3)(a), actions founded on negligence, or <u>Fla.Stat.</u> §95.11(3)(o), actions for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or other intentional tort, except as provided in other sections. Both of these sections establish four year periods of limitations.

Later, the Supreme Court decided <u>Owens v. Okure</u>, 488 U.S. 235 (1989), which held that when a State has multiple statutes of limitations for personal injury actions as does Florida, courts considering §1983 claims should borrow the State's general or residual personal injury statute of limitations.  In Florida, this is <u>Fla.Stat.</u> §95.11(3)(p), four years for actions not specifically provided for.  The Supreme Court has also held that a federal court applying a state statute of limitations to an inmate's federal civil rights action should also apply any state statute tolling the limitations period for prisoners. <u>Hardin v. Straub</u>, 490 U.S. 536 (1989).  Florida has a general tolling statute, <u>Fla.Stat.</u> §95.051, but it does not toll limitations periods for prisoners.

Thus, the length of the limitations period, determined by state law, is four years.  The uniform rule in computing time periods is that the first day of the period is excluded from the computation, and the last day is included. <u>McMillen v. Hamilton</u>, 48 So.2d 162 (Fla. 1950); <u>Fla.R.Civ.P.</u> 1.090(a).  Because the plaintiff's injuries allegedly occurred on or before March, 2002, 1998, his last day to file a civil action was sometime in March, 2006.

5

The complaint in this case was filed on November 16, 2006, beyond the expiration of the four year period of limitations.

In any event, an Eighth Amendment claim of inadequate medical care requires a showing of acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs or the unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97 (1976). On the other hand, it is well settled that a showing of mere negligence, neglect, or medical malpractice is insufficient to recover on a §1983 claim.  Estelle v. Gamble, supra.

In this case, the claim against the unidentified defendants does not allege any deliberate indifference to the plaintiff's serious medical needs.  The plaintiff's allegations do not state a constitutional claim for relief, as his claim, at best, indicates negligence or medical malpractice, not deliberate indifference.

### III.   Conclusion

Based on the foregoing, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 18th day of May, 2007.

                                                UNITED STATES MAGISTRATE JUDGE

```
cc:   Jose Enrique Hernandez, Pro Se
      DC No. M47261
      Jackson Correctional Institution
      5563 10th Street
      Malone, FL 32445-3144
```